IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WINFRED H. DANIELS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case Number CIV-08-1287-C |
| MICHAEL B. DONLEY, Secretary of the Department of the Air Force, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 25, 2008, Plaintiff filed a Complaint against the Secretary of the Air Force alleging employment discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 791 et seq. Defendant filed the present Motion for Summary Judgment. Plaintiff never filed a response.

### STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then

respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Plaintiff's failure to respond to Defendant's Motion for Summary Judgment slightly alters the Court's consideration of the motion. According to the Tenth Circuit, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Courts must still consider whether summary judgment is appropriate under Rule 56. However,

> [b]y failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

Id. Therefore, the Court must, in this instance, accept all asserted and properly supported facts proffered by Defendant as true, and then consider whether Defendant is entitled to summary judgment on the basis of those facts.

**BACKGROUND**

According to the properly supported and undisputed facts as set forth by Defendant, Plaintiff was hired on April 4, 2004, as a Nondestructive Inspector. His job was to inspect aircraft parts for defects using both X-ray technology and visual observation of fluorescent penetrant sprays ("FPI"). Plaintiff never passed his X-ray certification exam and therefore could only work in FPI. On December 6, 2005, Plaintiff was decertified because he allowed his FPI certification to lapse without retesting. Plaintiff then failed his FPI exam on five separate occasions. Because his supervisor suspected that he might have been intentionally failing the exam, he was given an "Unacceptable" performance rating on February 10, 2006, and was placed on a 60-day performance improvement plan ("PIP"). On April 1, 2006, the Air Force withheld a pay increase from Plaintiff because of his "Unacceptable" rating and his lack of FPI certification. On April 11, 2006, Plaintiff passed his FPI certification exam. His rating was changed to "Acceptable" the following day and he was granted a pay increase on April 16, 2006.

During this time period, Plaintiff was counseled by his supervisors for a number of infractions. On January 30, 2006, Plaintiff was out of his immediate work area before his scheduled break. On March 8, 2006, without his supervisor's permission, Plaintiff attempted to reschedule an FPI exam that his supervisors had scheduled for April. On April 3, 2006, Plaintiff failed to keep an appointment scheduled by his supervisors. All of these incidents resulted in Plaintiff's supervisors counseling him. No other corrective action was taken. On October 30, 2008, after submitting a falsified medical document to the United States Department of Labor and pleading guilty to a federal misdemeanor, Plaintiff was removed from federal service.

## DISCUSSION

Defendant's motion only addresses Plaintiff's claim of hostile work environment, arguing that no other claim was administratively exhausted. In support of this contention, Defendant submitted the sworn declaration of Paul Mehaffey, Plaintiff's former supervisor, which recites a portion of Plaintiff's EEOC charge listing his claim for a hostile work environment. Plaintiff never responded to dispute this contention, and therefore the Court finds that the only claim left to be considered is Plaintiff's hostile work environment claim.

In order to survive summary judgment, Plaintiff must "'show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Stinnett v. Safeway, Inc., 337 F.3d 1213, 1219 (10th Cir. 2003) (citation omitted). "'Whether an environment is hostile or abusive can be

4

determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Id. (citation omitted).

The record is virtually devoid of any evidence indicating that discriminatory intimidation, ridicule, and insult occurred. Other than Plaintiff's conclusory allegations in his Complaint, there is no support for the assertion that Plaintiff suffered unlawful discrimination and retaliation. Based on the properly supported facts alleged by Defendant, which Plaintiff did not refute, no rational jury could find that Plaintiff suffered from a hostile work environment. Therefore, Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 35) is GRANTED. Judgment will be entered accordingly.

IT IS SO ORDERED this 30th day of April, 2010.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge